# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DENNIS CZERWINSKI,**
        **Plaintiff,**

    v.                                                            Case No. 05C0945

**RISK MANAGEMENT**
**ALTERNATIVES INTERNATIONAL**
**CORP. CANADA,**
        **Defendant.**

## DECISION AND ORDER

Plaintiff Dennis Czerwinski brings this putative class action alleging that defendant Risk Management Alternatives International Corp. Canada ("RMA") violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., by sending him debt collection letters falsely stating that it was licensed by the State of Wisconsin and failing to state the amount of the debt. Pursuant to Fed. R. Civ. P. 12(b)(6), defendant now moves to dismiss.

## I.  FACTS

In February 2005, defendant sent plaintiff a debt collection letter stating that it was "licensed by the Office of the Administrator of the Division of Banking" of the State of Wisconsin, and using the phrase: "amount delinquent: $30.00." (Compl. Ex. A.) In June 2005, defendant sent plaintiff another debt collection letter stating that it was licensed by the State of Wisconsin.

## II.  STANDARD OF REVIEW

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted.  GE Capital Corp. v. Lease Resolution Corp., 128 F.3d 1074, 1080 (7th Cir. 1997).  I may grant a Rule 12(b)(6) motion only if it is clear that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  A plaintiff fails to state a claim only if, assuming all facts are accurate, he has no legal claim.  Payton v. Rush-Presbyterian St. Luke's Med. Ctr., 184 F.3d 623, 627 (7th Cir. 1999).  In ruling on a Rule 12(b)(6) motion, I assume that all of the plaintiff's allegations are true, and I draw all reasonable inferences in his favor.  Marshall-Mosby v. Corporate Receivables, Inc., 205 F.3d 323, 326 (7th Cir. 2000).  Plaintiff attached exhibit A to the complaint, therefore I may consider it in ruling on defendant's motion.  See Witzke v. Femal, 376 F.3d 744, 749 (7th Cir. 2004).

## II.  DISCUSSION

**A.    Statement Regarding License**

Title 15 U.S.C. § 1692(e) prohibits a debt collector from making a "false, deceptive or misleading representation . . . in connection with the collection of any debt."  The provision creates a strict-liability rule.  Randolph v. IMBS, Inc., 368 F.3d 726, 730 (7th Cir. 2004).  "Debt collectors may not make false claims, period."  Id.  Thus, a debt collector will be found to have violated the law even if it unintentionally makes a false statement, Russell v. Equifax A.R.S., 74 F.3d 30, 32 (2d Cir. 1996), and even if it caused no actual damage to the plaintiff, Keele v. Wexler, 149 F.3d 589, 593 (7th Cir. 1998).  In the present case,

2

plaintiff alleges that defendant represented in its debt collection letters that it was licensed by the State of Wisconsin when in fact it was not. Thus, plaintiff alleges that defendant made a false representation in connection with the collection of a debt. Therefore, as to this claim, I will deny defendant's motion to dismiss.

**B.    Use of the Phrase "Amount Delinquent: $30.00"**

Title 15 U.S.C. § 1692(g)(a)(1) requires that debt collectors' dunning letters state "the amount of the debt" that the debt collector is trying to collect. Chuway v. Nat'l Action Fin. Servs., Inc., 362 F.3d 944, 946-47 (7th Cir. 2004). Under the statute, the dunning letter must state the amount of the debt owed clearly enough so that the recipient is likely to understand it. Id. at 948. In determining whether a dunning letter meets the statutory standard, I assume the recipient to be an "unsophisticated consumer." Durkin v. Equifax Check Servs., Inc., 406 F.3d 410, 415 (7th Cir. 2005). Whether a dunning letter is confusing to an unsophisticated consumer is a question of fact, which may necessitate expert testimony. Walker v. Nat'l Recovery, Inc., 200 F.3d 500, 503 (7th Cir. 1999); see also Chuway, 362 F.3d at 947-48 (stating that a dunning letter which indicated that the "balance" was $367.42 but went on to instruct the recipient how to obtain "your most current balance information" was confusing because the recipient could infer that the defendant was trying to collect more than the balance and that $367.42 was merely the amount that it would accept for the time being).

In the present case, plaintiff argues that the phrase "amount delinquent: $30.00" is confusing because it does not make clear whether $30.00 is the amount of the debt or the amount that defendant would accept for the time being. Drawing all inferences in plaintiff's favor, I cannot say that plaintiff cannot establish that he was confused as to whether

3

defendant stated the amount of the debt that he owed or that portion of the debt that it would currently accept. Therefore, I decline to dismiss plaintiff's claim that defendant failed to state the amount of the debt.

### III. CONCLUSION

For the reasons stated,

**IT IS ORDERED** that defendant's motion to dismiss is **DENIED**.

Dated at Milwaukee, Wisconsin this 4 day of April, 2006.

/s_____
LYNN ADELMAN
District Judge